UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re<br>**WILLA M DOLLEY**<br>      **Debtor** | **CASE NO. 25-10201**<br>**CHAPTER 7** |

| | |
|---|---|
| **WILLA M DOLLEY**<br>      **Plaintiff**<br><br>  **vs.**<br><br>**SALLIE MAE BANK**<br><br>      **Defendant** | **ADV. PRO. CASE NO:** |

**Debtor's Complaint to Determine Private Student Loans
Dischargeable For "Undue Hardship" under 11 U.S.C. § 523(a)(8)**

### Nature of Action

1. This is an adversary proceeding by which the Debtor seeks a declaration that private student loans constitute an undue hardship for the Debtor and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

### Jurisdiction and Venue

2. On October 21, 2025, the Debtor filed a voluntary petition in the United States Bankruptcy Court for the District of Maine for relief under 11 U.S.C. § 727, Chapter 7 of the Bankruptcy code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**5.** Venue is proper in this district pursuant to 28 U.S.C § 1409.

### Parties

6. Plaintiff, Willa M Dolley, is the Debtor in the above captioned case. She is the recipient of private student loans and is a resident of Gardiner, Maine.

7. Defendant Sallie Mae Bank is a private student loan lender headquartered in Newark, Delaware and is the holder of some loans at issue.

**Factual Allegations**

8. Sallie Mae holds five (5) loans with a cumulative balance of $114,589 as of the date of filing.

9. Prior to filing of bankruptcy, the minimum payments to Sallie Mae were $1,572 a month.

10. The loans have a variable interest rate between 12.25 and 15.5%.

11. Sallie Mae does not offer any of the programs available that Federal loans have, such as payments based on income, eventual forgiveness, disability discharge, death discharge, or the ability to cure default.

12. Though Dolley is young being only 23 years old, having completed school just a year ago, her current income is not enough to afford the $114,589 in private loans held by Sallie Mae.

13. Dolley cannot afford the current minimum payments of $1,572 a month.

14. Dolley attended the University of New England and obtained a degree in Marine Science with a concentration in Oceanography.

15. She currently works on an oyster farm where she applies her knowledge of sustainable agriculture.

16. Dolley is working in her field, doing exactly what she went to school for.

17. Dolley is not likely to ever earn enough to pay the minimum and these loans will default.

18. Once these loans default, Sallie Mae can sue and levy whatever Maine law allows for post judgment remedies, including wage garnishment of up to 25%.

19. Were these loans Federal, Dolley would be entitled to a much more affordable payment based on her income, that being between $165 to $340 a month depending on which Federal payment plan she chooses.

20. Dolley has reduced her living expenses as best possible, yet still cannot afford the $1,572 a month payment.

21. Dolley has attempted to raise her income, but as she is already working in her field and has only recently graduated, it will take time to gather the experience needed to increase her income substantially.

22. These Sallie Mae loans do not have enough forbearance time left to allow Dolley to grow her income before they default.

23. It should also be noted that the interest rates, all over 12%, make it extremely difficult to pay down the principal.

24. These loans do not offer the ability to cure a default, which means, if Dolley does not find a way to maintain the $1,572 minimum monthly payment, she faces a lifetime of financial challenges.

25. Only through a miraculous hopscotch of finances and payments can Dolley hope to continue the balancing act of private student loan payments.

26. Without bankruptcy intervention, Dolley is certain to fall from the financial tightrope, with no safety net on the ground.

### Claim for Relief: Undue Hardship Discharge

27. The Debtor repeats and realleges the allegations contained in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. The repayment of private student loans made to Dolley would be an undue hardship to her.

29. As a result, Dolley's private student loan obligations should be discharged pursuant to Bankruptcy code section 523(a)(8).

WHEREFORE, the Debtor demands judgment declaring that her private student loans are discharged pursuant to Bankruptcy Code section 523(a)(8).

Willa M Dolley consents to the bankruptcy court's entry of final orders or judgment.

Dated December 9, 2025

        Respectfully Submitted,
        WILLA M DOLLEY
        By her attorney,
        /s/Joshua RI Cohen
            Joshua RI Cohen, pro hac vice
            Cohen Consumer Law, PLLC
            PO Box 1040
            St. Albans, VT 05478
            Tel: 802-380-8887
            Fax: 860-233-0339
            jcohen@thestudentloanlawyer.com