UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Willa M. Dolley<br><br>Debtor<br><br>Willa M. Dolley<br><br>Plaintiff<br><br>v.<br><br>Sallie Mae Bank<br><br>Defendant | Chapter 7<br>Case No. 25-10201<br><br><br><br><br>Adversary Proceeding<br>No. 25-01003 |

### ORDER (I) SETTING ASIDE ENTRY OF DEFAULT AND
### (II) SCHEDULING PRETRIAL CONFERENCE WITH RELATED DEADLINES

The summons that was served on the defendant in this adversary proceeding set a deadline by which the defendant must *file* (not just serve) an answer or motion in response to the complaint [Dkt. No. 5]. After the defendant failed to do so, the clerk entered a default against the defendant [Dkt. No. 9]. *See* Fed. R. Civ. P. 55(a); Fed. R. Bankr. P. 7055. In a prominent warning, the summons itself had previewed such a consequence.

Within a few days of the default's entry, the defendant filed a Consent Motion to Lift Default [Dkt. No. 14]. In the motion, the defendant explains that the plaintiff had agreed to extend the defendant's deadline to respond to the complaint and that the defendant had "assumed [that] it would be fine to answer the complaint within the agreed upon extended period without issue." That assumption was incorrect here. Because the docket had contained no indication of the parties' agreement (and no indication that the defendant intended to participate in this

1

adversary proceeding), the defendant's seeming disregard for the deadline led ultimately to the entry of a default.[1]

In addition to filing the motion, the defendant has also since filed its answer [Dkt. No. 21] to the complaint. In the circumstances, and given the plaintiff's consent, the Court finds good cause for setting aside the entry of the default. See Fed. R. Civ. P. 55(c); Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010) (summarizing Rule 55(c) standard and listing nonexclusive factors that courts may consider). The defendant's motion is granted accordingly.

In an order dated January 20, 2026, the Court canceled a pretrial conference that had been scheduled in this adversary proceeding and suspended the deadlines for the parties to confer and to file a report under Federal Rule of Civil Procedure 26(f) [Dkt. No. 10]. Given the developments above, the Court now reschedules the pretrial conference and sets the following related deadlines.

The Court will hold a pretrial conference in this adversary proceeding at 1:00 p.m. on March 26, 2026, at the United States Bankruptcy Court, 202 Harlow Street, Bangor, Maine. The parties must confer under Rule 26(f) no later than March 5, 2026. The parties must file their written report under Rule 26(f) within 14 days of conferring (but no later than March 19, 2026).[2]

Dated: February 11, 2026

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[1] Unlike the entry of a default judgment (the second step in the process of obtaining relief by default), the rules do not expressly require a request from a party before a mere default is entered (the first step in the process). Compare Fed. R. Civ. P. 55(b), with Fed. R. Civ. P. 55(a).

[2] As noted in the order dated January 20, the Court does not anticipate issuing a scheduling order by the general deadline to do so and again finds good cause for the delay, given the circumstances here. See Fed. R. Civ. P. 16(b)(2).